IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.
DEC 06 2011
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

RAFAEL A. LLOVERA LINARES

V.

ARMOR CORRECTIONAL

HEALTH SERVICES INC.

NEW CASE

11-cv-24502 MOORE/WHITE

CASE No: 4D10-2679

L.T. No: 10-320(13)

cat / div  540/Dade
Case # _____
Judge _____ Mag _____
Motn Ifp  yes  Fee pd $ _____
Receipt # _____

### PETITION FOR WRIT OF CERTIORARI

Comes now, Rafael Alberto Llovera Linares, prose in the above cause and style, moves this Honorable Court on this his "Petition for Writ of Certiorari", for the denying of the Plaintiff's Tort of Ordinary Negligence Claim and Personal Injuries, filed on the Seventeenth Judicial Circuit of Broward County on or about February 9, 2009, where the Judge Presiding the case dismiss the tort claim on the date of June 3, 2010, under the allegations that the claim was out-off the statute of limits, that the defendants enjoy immunity, that plaintiff failed to comply with the notice of action requires in § 768.28(6)(a), and that the dismissal of the claim was with prejudice. **Exhibit A.**

1

## BASIS FOR INVOKING JURISDICTION

Plaintiff respectfully request from this court to ` exercise its discretionary authority in order to avoid manifested injustice pursuant 28 U.S.C.A. § 1367 Federal Tort Claims Act.

## STATEMENT OF THE FACTS AND PROCEEDINGS

This is a tort claim that was originally filed by plaintiff on this Court back in 2006, alleging violations by defendants of the Federal Law and State law protected under the Federal tort acts of negligence and personal injuries. The actions alleged on the complaint occurred during the period on August 13-30, 2005. The Plaintiff filed the Federal Claim on July 27, 2005, as pretrial detainee in the Broward County Jail. After 2 ½ years of litigation, this Honorable Court in case 06-61127-CV, enter a final order on January 5, 2009, asserting that: "the plaintiff's pendent State Tort Claims relating to negligence be dismissed without prejudice to be heard in the appropriate state forum upon dismissal of Linares Federal Claims". **(Doc. # 287 p. 30).**

Plaintiff had filed a Tort Claim on the Broward County Courts, on or about February 5, 2009. The complaint was assigned to Case No: 09-019644(25)

Rafael A. Llovera Linares v. Armor Correctional Health Services. **See exhibit B.**

The "application for determination of civil indigent status" was filed by plaintiff on the date of March 2, 2009 and processed and approved by the clerk on the date of May 18, 2009. **Exhibit C.**

Plaintiff had filed a Motion requesting the service of the Broward County Sheriff's Office, for the service of the summons and the copy of the complaint to defendants on June 30, 2009. **Exhibit D.**

Consequently, 60-days later, on the date of September 3, 2009, plaintiff filed "Notice of Inquiry" requesting information regarding the status of the summons, the "Notice of Inquiry was properly served to the clerk of the court and defendants and place on the docket on the date of September 7, 2009. **See exhibit F**.

The Clerk of the Broward County Courthouse had respond to the Petitioner's Inquiry on the date of September 28, 2009, informing him that the case had been wrongfully stamped and misplaced on the docket of the case No: 09-196644(25), on his response he apologized stating the follow:

> **"your cases it was stamped incorrectly (please make a note of this) I do apologize for any inconvenience this may have cause you. However, your case num. 09-19649(25) does not show Armor Correctional health Service as a party to the case". Exhibit G.**

3

Once the Petitioner acknowledge the inconveniences and the clerk's errors, he move immediately to amend the deficiencies creates by the clerk, and file a "Motion Requesting to Open or Assign a Case Number to the Tort Claim". Petitioner informed on this Motion, that the original Tort Claim was assigned to the wrong docket and remained on the files of case No: 09-19649(25). This Motion was filed on the date of October 28, 2009. **Exhibit H.**

In reply to Petitioner's "Motion to Open or Assign a Case Number", the clerk of the court had send another "Application for Determination of Civil Indigent Status", and give a new case number as No: 10-000320(13), which Petitioner filled up and send back to the court on the date of November 16, 2009. The clerk entered a disposition on the date of December 9. 2009. **Exhibit I.**

On the date of January 6, 2010, the Judge "David Krathen" had issue an "Order Determining Legal Sufficiency of the Claim Under F.S. 57.085", and stated that "after giving due and careful consideration, finds that there appears "sufficient" legal grounds for cause of action as stated in the complaint for which this court has jurisdiction and may grant relief". **Exhibit J.**

The defendant filed their Motions to dismiss the complaint, alleging that the complaint was out-offing the statute of limitations, among others that the

4

Plaintiff failed to comply with the notice of law suit. **Exhibit K.**

The petitioner appealed the decision of the trial court dismissing the case to the 4th District Court of Appeal, but the court affirmed the decision *per curiam* on the date of October 10, 2011. Petitioner filed a Motion for Rehearing where the Trial Court ordered "sua sponte" the mandate issued August 26, 2011 to withdrawn as issue in error, and then the court entered a final Mandate on the date of October 14, 2011. **See exhibit L.**

## NATURE OF RELIEF SOUGHT

Petitioner respectfully request from this Honorable Court to quash the order of the State Courts dismissing the Petitioner's Tort claim, and to review and grant the Petitioner's "Motion for Summary Judgment' in all Defendants mentioned on the complaint.

## ARGUMENTS FOR RELIEF

1. **The case was filed within the 4-years statutes of limitations.** The trial court had fail to apply the proper standards for review of the case creating several potential conflicts with the controlling point established by the Florida Rules of Civil Proceedings Rule 1.050 which states that "every action of a civil

5

nature shall be deemed commenced when the complaint or petition is filed". The judge ruling on the case had wrongfully assumed on his court order (Ex. A), entered on the date of June 3, 2010, that the "action was not commenced until January 2010".

Plaintiff had properly showed with exhibits, Motion, and legal documents that the clerk of the Broward Courthouse filed the original complaint on the date of February 2009. The fact that the clerk of the court had misplaced the original complaint, and files it in the wrong docket of case No: 09-19649(25), is not the Plaintiff fault. Plaintiff has been diligent on the case and had proved with all his fillings, documentation and exhibits, that the case was timely file within the 4-years limitations to file a negligence claim. The Florida Rule of Civil Procedures, Rule 1.080(e) states that:

> **"The filling of papers with the courts as require by these Rules shall be made by filling them with the clerk."**

Under the present rule 1.050 is the same as former rule 1.2(a) and is similar to the Federal Rule 3. There is now no difference between law and equity in the commencement of an action, and keeping separates dockets as set forth in prior rule is not longer required. The trial judge wrongfully assumes that the commencement of the case was when the Honorable Judge "David Kraten"

issued the order determining legal sufficiency of the claim under F.S 57.085. (**Ex. J**). This allegation is not supported by the rule 1.050 for the time of filling the complaint, is when is presented to the clerk of the court, and not when is delivery for service of the complaint or service of the summons, neither when is the issuance of the complaint.

The Plaintiff as prose prisoner, at the time of filling the complaint, should not be punish for the errors and failures of the clerk for filling the original Tort Claim in the wrong docket. The clerk admitted his mistake and apologized to plaintiff for the inconvenience that had created stating that **"your case it was stamped incorrectly (please make note of this) I do apologize for any inconvenience this may cause you"**. In addition, Plaintiff is under the "entitle benefit of the so called "mail box rule" under which his pleadings are deemed file when they are delivery to prison officials for mailing". *Air v. U.S., 339 F. Supp. 2d.1305(S.D. (Ala.) 2004).*

The trial judge had basically show wanton, willful and reckless disregard of the controlling points of law ruling on this particular issues, and had created a fundamental error for the interpretation of the Florida Rule of Civil Procedures R. 1.050 and 1.080(e), that had seriously harmed the plaintiff by the dismissal of his case. He had decided an important question in a manner that had so far departed from the accepted and usual course of judicial Proceedings as to call for an

exercise of this court supervisory power in order to maintain uniformity of the rules.

2.   **The plaintiff complaint should not be dismiss with prejudice and must be given an opportunity to amend his complaint.** The trial court had abused its discretion by depriving plaintiff from the fair opportunity to amend the deficiencies of his claim creating a series of potential conflicts with the controlling case law established by the 1st D.C.A. more that 11-years ago on case ***Coby v. Food World, Inc. 746 So. 2d. 570 (1999)***, "possibility that amended complaint would succeed in stating one or more claims preclude dismissal of indigent prisoner tort complaint with prejudice".

The only arguments that the trial court is using for dismissal of the complaint is that "this action was not commenced until January 2010" and that "the court has reviewed the amended complaint, and nowhere does plaintiff alleged that he has provided notice pursuant § 768.28". This reason for dismissal with prejudice is meritless for the simple fact that the plaintiff could amend his complaint or the lower court could have constructed the plaintiff "notice of Compliance" file on April 16, 2010, as an addendum to the complaint. **See exhibit M.**

The Petitioner "Notice of Compliance" was properly constructed and is in compliance with the requirements prescribed on F.s. 768.28(6)(a). Petitioner had initially included a copy of the notice of law suit as exhibit on his original claim,

filed on February 5, 2009 and consequently, he filed a "Notice of Compliance" in order to satisfy the courts requirements under section 768.28(6). The petitioner's notice of compliance states as follows;

> "Comes now, Rafael A. Llovera Linares, prose in the above cause and style, moves this Honorable Court in a notice of compliance with the F.S. 768.28(6)(a), "Notice of Law Suit" which was file and send to all parties on the date of June 18, 2008 and to the Florida Dpto. of Financial Services in Tallahassee". **See exhibit M.**

The plain language is enough to satisfy the requirements of the statute, even if the trial court is under the impression that is not sufficient to satisfy the requirements, the court should have the discretion to allow a prose prisoner the opportunity to correct the deficiencies of his claim. "Under the statute…indigent prisoner, the trial court was required to give opportunity to correct deficiencies before dismissing…Petition for failure to comply with statutory requirements". ***Toma v. Moore, 743 So. 2d 1189 (1999).***

The Federal Courts had established that "the leave to amend complaint should be freely given in absence of any apparent or declared reasons such bad faith, undue delay or ditalatory motive on part of the Movant". ***Foman v. Davis, 83 S.Ct 227, 371 U.S 178***. As a matter of procedure, when petitioner request

permission to file an amended complaint, that request should be ordinarily granted. See: *Branun v. Clark, 927 F. 2d. 698, 705 (2nd Cir. 1991)*. The leave to amend should be freely given when justice so require, and is rare that such leave should be denied. *Foman*, especially when there has not been prior amendment, thus the court should not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove not set of facts in support of his claims which will entitle him to relief." *Conley, 355 U.S. 41 45-46, 78 S.Ct. 99, 101-102, 2l. ed. 2d. 80 (1957),* and it should not deny leave to file a proposed amended complaint unless that the same rigorous standards is meet. This principle should be applied with particular strictness when plaintiff seeks to file an amended complaint charging violation of his civil rights. *Oweens v. Haas, 601 F. 2d. 1242, 1247 (2nd Cir.) Cert. denied 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed. 2d. 407 (1979); Escalera v. New York City Housing Authority, 425 F.2d. 853, 857 (2nd Cir.). Cert. Denied. 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed. 2d. (1971).*

3. **The Plaintiff had comply with the requirements requested in F.S. 768.28(9)(a).** The Plaintiff filed in the trial court a "Motion to Leave to File an Addendum to the Amended Complaint" on the date of June 16, 2010. **Exhibit N.**

In the Addendum, Plaintiff states that "Defendants Al Lamberty, Jails Administrators Lt. Gibson, Lt. Williams an Lt. Schlagel had acted in bad Faith or with malicious purpose or in a manner exhibiting wanton and willful disregard

10

of Human rights, safety or property of the Plaintiff when they house plaintiff with serious bullets wounds on Jails Facilities that were contaminated with the MRSA condition since the year 2004, and the MRSA break-down on the Jail facilities could not be controlled until the year 2006. Their actions clearly shows reckless and wanton disregard of plaintiff safety for the direct exposure to a condition that had been life-treating to plaintiff health, that also may have repercussion or reciprocal side effects on plaintiff future health. In addition the defendants had failed under their supervisory and custodial duties to take the reasonable steps to see that the plaintiff was furnished with proper medical care and as result, the plaintiff had developed a severe and life-treating infection as MRSA and had a tangible injury which is the 35-45 degrees finger's deformity, under the doctrine of "Respondent Superior" the defendants are vicariously liable under the higher standards of care for the acts and omissions of his employees or agents, these allegations are sufficient to prove that the defendants had acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of plaintiff's human rights, safety or property." **See exhibit N.**

4. **The Defendants do not enjoy immunity on this case.** The trial court entered its decision alleging that the defendants are immune under § 768.28, by doing so, they had created a potential conflict with several control points of

law regarding this issue. Plaintiff is suing all the B.S.O. personnel and the agency in this case under the doctrine of "respondent Superior" for the acts and omissions of their subordinates "medical staff" that work on the county jails." Detaining inmates in jails and obtaining medical treatment for the inmates are statutory duties of the sheriff and jails administrators". *Lancaster, 116 F.3d at 1431; Terry v. Cook, 866 F.2d. 373 (11th Cir. 1989).*

The State of Florida Legislation provides that the delivery of health services at each facility is the responsibility of the jails administrators and sheriff, who must to designate a specific health authority "who is in charge with the responsibility to provide health care to inmates' involuntarily incarcerated into the county facilities"; Therefore, they are responsible for the breach of due care that medical staff from Armor Correctional Health Services, when they had leave the plaintiff without proper dressings on his wounds, and finger's fracture. The sheriff and administrators are vicariously liable under the Florida Law for the negligence of their subordinates. A sheriff, as "an official of the political subdivision of the state, is liable under the Florida Law for a wrongful act or omission of an employed of his agency while acting within the scope of his office or employment, under circunstances in which the State or the agency, if a private person, would be liable to the claimant in accordance with the general laws of the State"…"The sheriff and his deputies owned the decedent the duty to use reasonable care for his

safety when incarcerated". *Terry v. Cook, 866 F.2d. 373 (11th Cir. 1989); Cook v. Sherriff of Monroe County, Fla., 402 F.3d. 1092 (11Th Cir. 2005).*

The sheriff and jails administrators can not raised sovereign immunity as defense, under the Florida Law, a County's treatment of individual inmate in its custody is an "operational function", for which the State of Florida has waived governmental immunity. *Anderson, 737 So. 2d. at 538-39.* ("a person taken into custody...is owned a common law duty of care, numerous cases had recognize that this duty of exercising reasonable care exists and that it is an operational level function.")

5. **The complaint should not be dismiss under § 95.11(5)(g) because the Plaintiff claim is related to "Simple Negligence".** The Plaintiff on this instant case is suing all the defendants for "Simple Negligence", the complaint was originally file in this Honorable Court, 9-months after he was contaminated by the MRSA bacteria, and claims for "Simple Negligence" where Plaintiff is alleging that the Sheriff and the Jails Administrators failed under the supervisory duties to provide proper medical care and save environment in the Broward County Jails. "Simple Negligence" claim in which former jail inmate,...alleged that sheriff had been negligent in falling to provide proper care and diagnosis for inmate was governed by four year statute of limitations governing negligence

actions and not by two year limitation period applicable to medical malpractice actions; inmate's allegations did not seek relief from the sheriff as health care provider or for injuries arising out medical treatment or care, but sought relief for negligent performance of custodial obligations". *Kelly v. Rice, 670 So.2d. 1094 (App 2 Dist. 1996).*

## CONCLUSIONS

In Summary, the plaintiff asserts that the trial court had been bias against Plaintiff by ruling on the case in defendant's favor; all the arguments presented for review in this petition are in compliance with the controlling case law that rule on the issues presented for review. The trial court decision is crystal clear in direct conflict with plaintiff responses. These conflicts must to be review in this Petition in order to maintain uniformity of the law, their ruling against petitioner, had been made in a way that as so far departed from the accepted and usual course of Judicial Proceedings and is necessary the intervention of this Honorable Court supervisory power to resolve the disagreements created by the trial court arbitrary decision.

Therefore, Plaintiff respectfully prays to this Honorable Court to grant this petition for Writ of Certiorari vacating the trial court decision dismissing the

plaintiff's claim. In addition because the trial court had show being bias and prejudice against plaintiff, the plaintiff respectfully request from this Honorable Court to rule in the plaintiff's motion for summary judgment in plaintiff's behalf.

Done this November 28, 2011.

*Rafael A. Llovera Linares*

## VERIFICATION

I, Rafael A. Llovera Linares, verify under oath and swear under the penalty of perjury, that the information prescribed in this document is true and correct and had been done on this November 28, 2011.

*Rafael A. Llovera Linares*

## CERTIFICATE OF SERVICE

I, Certify that the foregoing document had been send to the offices of the Clerk of the Courts for the United States District Court for the Southern District of Florida and to the offices of the attorneys Beth J. Leahy and Daniel Losey via United States Mail Service.

Done on this November 28, 2011

*[signature]*

Rafael A. Llovera Linares

18201 S.W. 12th Street

Miami, Fl. 33194