```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 11-24502-CIV-MOORE
                         MAGISTRATE JUDGE P.A. WHITE

RAFAEL A. LLOVERA LINARES,    :

        Plaintiff,            :

v.                            :        REPORT OF
                                       MAGISTRATE JUDGE
ARMOR CORRECTIONAL HEALTH
SERVICES INC.,                :

        Defendants.           :
_____
```

The petitioner, Rafael A. Llovera Linares, filed a pro-se pleading in this Court captioned as a "Petition for Writ of Certiorari". The petitioner seeks an Order from the United States District Court to overturn a state court ruling. This pleading is in legal effect a Motion for Writ of Mandamus, and before this Court for review.

The petitioner filed a pro-se civil rights complaint pursuant to 42 U.S.C. §1983, assigned Case No. 06-61127-Civ-Dimitrouleas. In the petitioner's third amended complaint filed on July 28, 2007, he added pendant state law claims against Broward County and Armor Health Services Inc., and John Doe. On March 6, 2008, Sheriff Lamberti was substituted in his official capacity for Defendant Ken Jenne.

On August 15, 2008, the Undersigned recommended that Defendant Broward County's Motion for Summary judgment be granted. The Report and Recommendation was adopted on September 10, 2008. On January 5, 2009, the Undersigned recommended that all claims be dismissed and the pendent state negligence claims were dismissed without prejudice, to re-file in state court. This Report and

Recommendation was adopted and the case closed on January 27, 2009. The Eleventh Circuit Court of Appeals affirmed the decision of the United States District Court on July 6, 2010. <u>Linares v Armor</u>, 385 Fed. Appx 926 (11 Cir. 2010).

The plaintiff raised his state pendant claims in the Broward County State Court on or about February 9, 2009. On June 3, 2010, the case was dismissed with prejudice, based upon the fact that the claim was barred by the statute of limitations, that the defendants were entitled to qualified immunity and that the plaintiff failed to comply with the notice requirements of state court proceedings. The petitioner appealed the decision of the trial court and the Fourth District Court of Appeals affirmed the decision. A final Mandate was issued on October 14, 2011. The petitioner seeks to overturn the dismissal of his state claims by the state court.

This complaint is without merit. In the first instance, the plaintiff attempted to overturn the state court dismissal of his claims in Case No. 06-61127-Civ- WPD. As stated in the Order of Judge William P. Dimitrouleas, entered on November 18, 2011:

> "This court does not sit as an appellate court to review state court actions. Moreover, this federal case is closed. Plaintiff has not shown how this Court has any jurisdiction to grant further relief in this case or through this case for another case." (DE#309)

This pleading is another attempt to overturn the state court dismissal of his claims and as clearly stated above, the Court lacks jurisdiction.

2

Secondly, if this pleading were to be construed as a Writ of Mandamus it must be dismissed. Under 28 U.S.C. §1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff."  Whether to issue a writ of mandamus is within the discretion of the court to which the petition is addressed. <u>Kerr v. U.S. Dist. Ct. For the N. Dist. of California</u>, 426 U.S. 394, 403(1976); <u>see also</u> <u>United States v. Denson</u>, 603 F.2d 1143, 1146 (5 Cir. 1979) (explaining that "[t]he Supreme Court has repeatedly stated in general terms that issuance of a writ of mandamus lies in large part within the discretion of the court").  Moreover, mandamus is a drastic remedy justified by "only exceptional circumstances." <u>In re BellSouth Corp.</u>, 334 F.3d 941, 953 (11 Cir. 2003). "The party seeking mandamus has the burden of demonstrating that its right to issuance of the writ is clear and indisputable." <u>Id.</u> (quotation omitted). "[A] writ of mandamus is intended to provide a remedy for a plaintiff <u>only if he has exhausted</u> all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  <u>Cash v. Barnhart</u>, 327 F.3d 1252, 1258 (11h Cir. 2003) (quotation omitted, emphasis added); <u>see also</u> <u>Fripp v. Laird</u>, 179 Fed.Appx. 563, 565 (11 Cir. 2006).

In this case, the petitioner has not been deprived of a federal constitutional right by a federal officer or employee, and this Court cannot grant the above-requested relief.  To do so would be in the nature of mandamus against state actors.  An action for a writ of mandamus directed against officers or employees of governmental entities other than the United States may not be maintained in federal district court.  <u>See</u> <u>Pankey v. Webster</u>, 816 F.Supp. 553, 558 (W.D. Mo. 1993).

3

It is therefore recommended that this case be dismissed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 22nd day of December, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Rafael A. Llovera Linares, <u>Pro Se</u>
     Krome Detention Center
     Address of record